## Case No. 14,548.

### UNITED STATES v. BAYER.

[13 N. B. R. 88.] [1]

District Court, D. Minnesota. 1876.

PENAL ACTION—BANKRUPTCY—INTENT—CHATTEL MORTGAGE.

1. A criminal intent is not to be presumed, but must be proved.

2. The doubt which will entitle a defendant to an acquittal must be reasonable.

3. A chattel mortgage is a disposition of property out of the usual course of business of the mortgagor

Indictment for violation of provisions of bankrupt acts.

NELSON, District Judge (charging jury). The defendant, John Bayer, a retail dealer in boots and shoes committed an act of bankruptcy and was adjudged a bankrupt on the 22d day of June. 1875. He now stands before you charged: First. With purchasing a stock of goods on credit, and while they were unpaid for, and within three months before proceedings in bankruptcy were commenced. giving a chattel mortgage thereon. out of the usual course of his business, with the intent to defraud his creditors. Second. With permitting a fictitious claim to be proved against his estate, and knowing the same to be fictitious, one month before the proof thereof, and not informing his assignee in bankruptcy. These acts constitute an offense under the penal section of the bankrupt law. The purpose of this section is to preserve good faith in mercantile transactions, and to prevent a trader from abusing the credit which may be allowed him in the course of his business. It is in evidence and uncontradicted, that a chattel mortgage was executed by the defendant, and delivered to one John Kargleder, June 1, 1875, purporting to secure a note for five thousand dollars, which mortgage was antedated October 1, 1874; and it is further testified to by witnesses for the defense that Bayer owed Kargleder one thousand dollars prior to October 1, 1874, and on that day received from him four thousand dollars more, and that this mortgage was given June 1, 1875, in pursuance of an agreement between the parties that such security should be given. The theory of the prosecution, which it has attempted to show by positive admissions of the defendant, and circumstances for your consideration, is that Kargleder never loaned Bayer any money October 1, 1874, and although he held his note for five thousand dollars, bearing date on that day, no money passed, and the note and mortgage were without any such consideration, and the whole transaction was a fraud. If you should be satisfied beyond a reasonable doubt that such is the true account of this transaction, you should find the defendant guilty of both charges in the indictment. If, however, you find that Bayer did owe Kargleder, June 1, 1875, five thousand dollars, and executed this mortgage upon his stock, purchased on credit and unpaid for, you must consider whether he made such a disposition of this property with intent to defraud his creditors. The chattel mortgage was a disposition of his property out of the ordinary course of business, but if it was executed in good faith, and in pursuance of a prior promise, and the money which was secured thereby was paid out by the defendant to his creditors, no criminal intent to defraud can legitimately arise from such mortgage. Now, we judge of intentions by acts and circumstances. Criminal intent of a person is not usually divulged, except as it can be discovered from his conduct. If you believe the intention of the defendant was to defraud creditors, such belief must arise from a consideration of all the circumstances—his admissions and his acts. If he has made any false and contradictory statements of the condition of his affairs, and of his indebtedness, they are important in determining his intentions; and so are his admissions in regard to the character of his debt to Kargleder.

Now, you are not to presume a criminal intent. This must be proved, as any other fact in the case, by proper evidence. The defendant is presumed innocent of these charges until he is proved guilty beyond a reasonable doubt You are, therefore, to put a favorable construction upon his conduct and his statements, if they admit of two constructions. But while the defendant is entitled to the benefit of any doubt in your minds, it must be a reasonable one, the evidence must be insufficient to establish in your minds his guilt; his conduct and his statements must be inconsistent with any other conclusion. There has been an effort made to attack the credibility of some of the witnesses in this case. If successful in reference to any material fact, you may reject the whole of the evidence given by any witness who is thus discredited. If a witness has given contradictory statements. under oath, of material facts, you would be justified in rejecting all of his testimony, as unworthy of credit. You are the judges of the weight of testimony, and must satisfy your own minds upon a conscientious examination of all the testimony in this case. If the defendant is guilty, you should say so. The interest of every business man in this community, as well as your own, demand his punishment, if guilty. On the other hand, if the evidence fails to convince you of his guilt, you should acquit him.

[For a hearing upon motion to quash an indictment against the defendant and others for conspiracy, see Case No. 14,547.]

---

[1] [Reprinted by permission.]